IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| REGINALD. GUIDRYJR., <br><br> Plaintiff, <br><br> vs. <br><br> JOHNNY PALERMO, Ex-Omaha Police Officer; <br><br> Defendant. | **8:24CV477** <br><br> **MEMORANDUM AND ORDER** |

    This matter is before the Court on a motion seeking an appointment of counsel, Filing No. 8, and a motion for discovery, Filing No. 9. filed by Reginald Guidry Jr. ("Plaintiff"), as well as for case management. For the reasons that follow both motions are denied without prejudice and Plaintiff is required to show cause why this case should not be dismissed for failure to pay the initial partial filing fee.

### I. ORDER TO SHOW CAUSE – INITIAL PARTIAL FILING FEE

    The Prison Litigation Reform Act requires an imprisoned civil plaintiff to pay the Court's entire filing fee, either at the outset when filing the complaint, or in installments if the Court grants leave to proceed in forma pauperis ("IFP"). *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001). On December 30, 2024, the Court granted Plaintiff's motion seeking leave to proceed IFP and ordered him to pay an initial partial filing fee in the amount of $9.73 within 30 days. *See* Filing No. 6. To date, Plaintiff has not paid the initial partial filing fee or asked for an extension of time in which to do so. Accordingly, the Court

will require Plaintiff to show cause why this case should not be dismissed for his failure to pay the initial partial filing fee.

If Plaintiff's failure to pay by the Court's deadline was caused by prison officials' failure to adhere to his request to remit payment using funds from his account or other circumstances beyond his control, his failure to pay within the time ordered by the Court will be excused. Absent a sufficient response, the case will be subject to dismissal. *See Taylor v. Cassady*, 570 Fed. App'x. 632 (8th Cir. 2014) (holding district court abused its discretion by dismissing case without first taking steps to determine whether prisoner-plaintiff's failure to pay the initial partial filing fee "was caused by circumstances beyond his control, such as prison officials' failure to adhere to his request to remit payment using funds from his account").

## II. MOTION TO APPOINT COUNSEL

Plaintiff seeks appointment of counsel. Filing No. 8. In support he argues that appointment is appropriate as he has been unable to secure private counsel, that due to his incarceration he has limited ability to litigate this matter, that the issues in this case are complex and likely involve conflicting testimony, and that counsel would better enable Plaintiff to present evidence and cross examine witnesses. *Id.*

"There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting

testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time. As such, Plaintiff's motion for appointment of counsel shall be denied without prejudice to reassertion. The Court will, however, "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

### III.  MOTION FOR DISCOVERY

In relation to the discovery motion, Filing No. 9, it is premature as the Court has not yet determined upon initial review that the Complaint may proceed to service of process. *See Jackson v. Herrington*, 393 F. App'x 348, 353 (6th Cir. 2010) ("Rule 4 requires plaintiffs to serve each defendant with a summons and a copy of the complaint.  But district courts cannot issue summonses in in forma pauperis prisoner cases until after screening the complaint for frivolousness and other defects under 28 U.S.C. §§ 1915(e) and 1915A(b).") (citation omitted).  Moreover, as noted in the Order to Show Cause, Plaintiff has yet to pay the initial partial filing fee, rendering this case subject to dismissal.

As no discovery may take place until after the initial partial filing fee is paid and the Court determines this matter may proceed to service of process following initial review of the Complaint, the motion seeking discovery shall be denied without prejudice as premature.

IT IS THEREFORE ORDERED that:

1.   Plaintiff's motion seeking appointment of counsel, Filing No. 8, is

denied without prejudice.

2. Plaintiff's motion seeking discovery, Filing No. 9, is denied without prejudice as premature.

3. Plaintiff will have thought and until **March 6, 2025**, to show cause why this case should not be dismissed for failure to pay the initial partial filing fee. In the absence of cause shown, this case will be dismissed without prejudice and without further notice.

4. The Clerk of Court is directed to set a pro se case management deadline in this case using the following text: **March 6, 2025**: check for response to show cause order.

Dated this 4th day of February, 2025.

BY THE COURT:

*[signature]*
John M. Gerrard
Senior United States District Judge