IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| REGINAL D. GUIDRY JR., <br><br> Plaintiff, <br><br> vs. <br><br> JOHNNY PALERMO, Ex-Omaha Police Officer; <br><br> Defendant. | **8:24CV477** <br><br> **MEMORANDUM AND ORDER** |

Plaintiff Reginal D. Guidry, Jr. ("Plaintiff"), an inmate proceeding in forma pauperis,[1] filed a complaint alleging violations of his civil rights under 42 U.S.C. § 1983, on December 11, 2024 (the "Complaint"), Filing No. 1. Plaintiff's Complaint is subject to initial review by this Court to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Liberally construed, Plaintiff brings this action for a violation of his civil rights pursuant to 42 U.S.C. § 1983, naming Johnny Palermo ("Palermo"), a former Omaha police officer, as the sole defendant and suing him in his individual capacity. Filing No. 1 at 2. Plaintiff alleges that he was falsely "charged with a shooting . . . because [Plaintiff] got caught with the gun. Johnny Palermo lead the victim into saying [Plaintiff] shot him and falsified a police report." Filing No. 1 at 5. Plaintiff further alleges that Palermo lied while giving testimony under oath during criminal proceedings against Plaintiff in Case Number CR20-2130 on October 19, 2020, Filing No. 1 at 5,

---

[1] *See* Filing No. 6 (granting leave to proceed without payment of fees).

and Plaintiff's attorney caught the lies on record at the suppression hearing, Filing No. 1 at 8.

Plaintiff claims pain and suffering and humiliation due to his incarceration as well as defamation of his character on the internet as a result of his arrest. Filing No. 1 at 5. Plaintiff seeks $100,000 in damages, arguing his "bond was raised because of the shooting case." *Id*. at 4–5.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However,

"[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Plaintiff's claims arise under 42 U.S.C. § 1983. Section 1983 requires a plaintiff to allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). However, such claims must also be brought within the appropriate limitations period, which in Section 1983 matters, is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U. S. 384, 387 (2007). In Nebraska, § 1983 actions are limited by a four-year statute of limitations. *See Montin v. Estate of Johnson*, 636 F.3d 409, 412-13 (8th Cir. 2011); Neb. Rev. Stat. § 25-207.

Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Wallace*, 549 U.S. at 388; *Montin*, 636 F.3d at 413. The standard rule is that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief. *Wallace*, 549 U.S. at 388. Under that rule, the tort cause of action accrues, and the statute of limitations commences to run, when the plaintiff knew or should have known of the injury that forms the basis of the claim. *Id.* at 391. The statute of limitations is not tolled during a term of imprisonment absent "a showing of a recognizable legal disability, separate from the mere fact of imprisonment,

3

which prevents a person from protecting his or her rights[.]" *Gordon v. Connell*, 545 N .W.2d 722, 726 (Neb. 1996).

Here, Plaintiff alleges Palermo falsely testified at a hearing on October 19, 2020. Filing No. 1 at 5. Plaintiff's state court records in *State v. Reginal D Guidry Jr*, Case No. CR20-2129 in the District Court of Douglas County, Nebraska available to this Court online, which this Court takes judicial notice of,[2] show that the case against Plaintiff was dismissed on October 19, 2020. Records in that same case also show that Case No. CR20-2030 was the "companion case" to CR20-2029. For these reasons it appears that the cause of action in this case accrued on October 19, 2020, when Plaintiff knew or should have known of Palermo's testimony and the case dismissal. However, Plaintiff did not file the current action until December 11, 2024, almost two months after the four-year statute of limitations expired.

While the Complaint appears barred by the statute of limitations, in lieu of dismissal, the Court will allow Plaintiff an opportunity to show cause within 30 days why this case should not be dismissed as frivolous because the statute of limitations has run. *See Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (per curiam) (district court can dismiss an in forma pauperis complaint if it is apparent the statute of limitations has run).

IT IS THEREFORE ORDERED that:

1. Plaintiff has 30 days to show cause why this case should not be dismissed as frivolous because the statute of limitations has run. Failure to do so will result in dismissal of this action without further notice to Plaintiff.

---

[2] *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

4

2. The Clerk's office is directed to set a pro se case management deadline in this matter with the following text: **May 16, 2025**: check for response to show cause order.

Dated this 16th day of April, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge