IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| REGINAL D. GUIDRY, JR., <br><br> Plaintiff, <br><br> vs. <br><br> JOHNNY PALERMO, Ex-Omaha Police Officer; <br><br> Defendant. | **8:24CV477** <br><br> **MEMORANDUM AND ORDER** |

  Plaintiff Reginal D. Guidry, Jr. filed a Complaint on December 11, 2024, Filing No. 1, and he was given leave to proceed in forma pauperis, Filing No. 6. On April 16, 2025, the Court entered an order requiring Plaintiff to show cause why this case should not be dismissed as frivolous because it was untimely filed. Filing No. 15. Plaintiff's response was filed on May 15, 2025. Filing No. 16. For the reasons explained below, the Court finds Plaintiff's claims are time-barred and must be dismissed under 28 U.S.C. § 1915(e)(2).

### I. SUMMARY OF COMPLAINT

  The Court's prior summary of Plaintiff's allegations, Filing No. 15, is incorporated herein and repeated only to the extent needed to address whether Plaintiff's claims were timely filed.

  Plaintiff alleges Defendant Johnny Palermo, a former police officer for the City of Omaha, falsified a police report that led to Plaintiff being arrested and criminally charged in *State v. Reginal D Guidry Jr*, Case No. CR20-2129 in the District Court of Douglas County, Nebraska. Plaintiff further alleges Defendant falsely testified at a suppression hearing held in that case on October 19, 2020, Filing No. 1 at 5, but his attorney "caught the lies" on the record during that hearing. Filing No. 1 at 8. The criminal charges based on

Defendant's false charges and statements were dismissed on October 19, 2020. Filing No. 16 at 1. Plaintiff's complaint alleges claims against Defendant for defamation of character and for false arrest in violation of 42 U.S.C. § 1983.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal

framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. ANALYSIS

Plaintiff alleges he is entitled to recover damages for defamation and for false arrest under 42 U.S.C. § 1983. Filing No. 1 at 3. For the reasons explained below, Plaintiff's complaint will be dismissed as barred by the statute of limitations.

**A. Defamation**

Plaintiff alleges he was humiliated and harmed by Defendant's defamatory statements. "A § 1983 action cannot be predicated upon the theory of slander, defamation, or libel." *Smith v. Iverson*, No. 8:19CV298, 2019 WL 4417548, at *11 (D. Neb. Sept. 16, 2019) (citing *Sabot v. North Dakota*, No. 1:17-CV-069, 2018 WL 3354880, at *2 (D.N.D. July 9, 2018) (citing *Paul v. Davis*, 424 U.S. 693 (1976)). Plaintiff's defamation claim arises under Nebraska, not federal, law.

Under Nebraska law, the statute of limitations for a defamation claim is one year. Neb. Rev. Stat. § 25-208 (West). "[A] cause of action for libel or slander accrues on the date of publication of the defamatory matter. Ignorance of the publication of defamatory matter, or of the evidence that would tend to prove such publication, does not toll the statute." *LaPan v. Myers*, 491 N.W.2d 46, 49 (Neb. 1992) (internal citations omitted). Here, Defendant allegedly submitted a false police report in 2019, Plaintiff heard Defendant's statements at a suppression hearing on October 19, 2020,[1] and knew Defendant's

---

[1] To be clear, the date of the suppression hearing is used solely to reference the date when, at the latest, Plaintiff was defamed. Defendant's testimony at that hearing cannot provide the factual basis for Plaintiff's defamation claim under Nebraska law. *Elbert v. Young*, 977 N.W.2d 892, 900 (Neb. 2022).

3

statements which led to Plaintiff's arrest were false, and his attorney was able to expose the lies during the hearing. Plaintiff's complaint was filed more than four years after the alleged defamatory statements were made. Plaintiff's defamation claim is therefore barred by Nebraska's one-year statute of limitations. Neb. Rev. Stat. § 25-208.

**B. False Arrest**

Plaintiff alleges his false arrest, and the publication of that arrest in the news and on the internet, caused pain and suffering due to incarceration, and humiliation. Filing No. 1 at 5. 42 U.S.C. § 1983 does not contain a statute of limitations, so "federal law looks to the law of the State in which the cause of action arose" and applies the analogous limitations period. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Under Nebraska law, the statute of limitations for a false arrest claim is four years. *Blair v. Dory*, No. A-13-433, 2014 WL 3585307, at *1 (Neb. Ct. App. July 22, 2014) (citing Neb. Rev. Stat. § 25-207). So, Plaintiff's § 1983 claim for false arrest is subject to a four-year statute of limitations.

Plaintiff's claim accrued, at the latest, on October 19, 2020, when Plaintiff heard Defendant's testimony at the suppression hearing.[2] This case was filed more than four years later, on December 11, 2024. So, unless the filing deadline was extended by equitable tolling or equitable estoppel, Plaintiff's complaint is time-barred.

Plaintiff alleges he delayed filing his § 1983 complaint because he thought Defendant may have provided false information against him by mistake rather than intentionally. He explains that "[i]t was only when Officer

---

[2] The Court is using the testimony of the suppression hearing solely to show the date when, at the latest, Plaintiff knew Defendant had made false statements against him. The substance of Defendant's testimony at the suppression hearing cannot provide the basis for § 1983 damages liability. *Briscoe v. LaHue*, 460 U.S. 325, 335 (1983).

4

Palermo was actually convicted on 4-11-2024 of conspiracy to commit wire fraud . . . that [he] felt enough was visible and Palermo hadn't made a simple mistake, but [was] a dirty cop." Filing No. 16 at 1.

A plaintiff requesting equitable estoppel of a filing deadline must present evidence showing the defendant affirmatively engaged in conduct designed or likely to cause Plaintiff's untimely filing of a lawsuit. *Bell v. Fowler*, 99 F.3d 262, 268 (8th Cir. 1996); *Rauscher v. City of Lincoln*, 691 N.W.2d 844 (Neb. 2005); *Woodard v. City of Lincoln*, 588 N.W.2d 831, 836 (Neb. 1999).[3] In his complaint, Filing No. 1, and in his response to the Court's show cause order, Filing No. 16, Plaintiff presents no facts suggesting Defendant did anything to mislead Plaintiff or otherwise prevent him from filing his lawsuit before the limitations period expired. Equitable estoppel does not excuse the untimely filing of Plaintiff's complaint.

Unlike equitable estoppel, "[e]quitable tolling requires no fault on the part of the defendant." *State v. Conn*, 914 N.W.2d 440, 446 (Neb. 2018). In actions under 42 U.S.C. § 1983, state law determines whether a statute of limitations may be equitably tolled. *Montin v. Est. of Johnson*, 636 F.3d 409, 413 (8th Cir. 2011). Under Nebraska law, "the doctrine of equitable tolling permits a court to excuse a party's failure to comply with the statute of limitations where, because of disability, irremediable lack of information, or other circumstances beyond his or her control, the plaintiff cannot be expected to file suit on time." *State v. Trail*, 21 N.W.3d 61, 70 (Neb. 2025).

Here, Plaintiff acknowledges he knew Defendant provided false information about Plaintiff's role in a shooting no later than October 19, 2020.

---

[3] The key requirements for equitably estopping the statute of limitations are the same under federal and Nebraska law, so the Court need not decide which law applies to Plaintiff's § 1983 claims. *Bell v. Fowler*, 99 F.3d 262, 266–67 (8th Cir. 1996).

5

He explains he did not file a lawsuit within four years thereafter because he did not know if Defendant intentionally lied.

Defendant's alleged 2024 wire fraud conviction may (or may not) have been admissible to impeach Defendant's character. But that conviction is not evidence that Defendant intentionally leveled false accusations against Plaintiff in a 2019 police report, any media statements, or during the investigation and pre-litigation preparation of filing criminal charges against Plaintiff. More importantly, Plaintiff knew whether he committed the crime charged, and he knew what Defendant wrote and said about him no later than October 19, 2020. With that information, he knew he was arrested based on false statements made by Defendant. Defendant's 2024 conviction may have convinced Plaintiff that Defendant intentionally lied, but "[c]ertainty is not the standard." *Henderson v. Ford Motor Co.*, 403 F.3d 1026, 1033 (8th Cir. 2005). The statute of limitations is not equitably tolled so the plaintiff can become certain of his rights before filing a lawsuit, "for even after judgment, there is no certainty." *Id. See also*, *Rassier v. Sanner*, 996 F.3d 832, 838 (8th Cir. 2021) (holding the limitations period was not tolled by a later confession and disclosure of a search warrant affidavit supporting the plaintiff's § 1983 retaliation claim; the claim accrued when the plaintiff knew facts supporting the claim, not when he believed he had enough evidence to prevail at trial).

Moreover, equitable tolling will not excuse the untimely filing of a lawsuit if a plaintiff is not duly diligent in pursuing his claim. *Conn*, 914 N.W.2d at 446. *See also CTS Corp. v. Waldburger*, 573 U.S. 1, 10 (2014) ("Equitable tolling applies to statutes of limitations because their main thrust is to encourage plaintiffs to pursue their rights diligently."). Even assuming Defendant's 2024 conviction was relevant and necessary information for filing Plaintiff's § 1983 complaint, Defendant's conviction occurred on April 11, 2024,

6

and Plaintiff became aware of it from a news broadcast. Filing No. 16. From that point, Plaintiff had six months to timely file his lawsuit, but he waited eight. Having failed to diligently pursue his rights even after he knew of Defendant's 2024 conviction, Plaintiff is not entitled to equitable tolling of the statute of limitations. *See Rosado v. Gonzalez*, 832 F.3d 714, 717 (7th Cir. 2016) (refusing equitable tolling where seven months before the filing deadline, the plaintiff received video evidence proving officers fabricated probable cause for his arrest, but he inexplicably failed to file his lawsuit before the statute of limitations expired).

Plaintiff untimely filed his lawsuit more than four years after he knew the facts needed to support his claims against Defendant. Defendant did not hinder Plaintiff's timely filing of the lawsuit, and Plaintiff has failed to allege any facts justifying equitable tolling of the limitations period. Plaintiff's claims are barred by the statute of limitations.

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Plaintiff Guidry's claims against Defendant Palermo are barred by the statute of limitations and must be dismissed.

Accordingly,

IT IS ORDERED:

1. This matter is dismissed without prejudice.
2. A separate judgment will be entered.

Dated this 26th day of September, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge